IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UVION JUNIOR (M-01324), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09 C 813 |
| TOM DART, et al. | ) Judge Marvin E. Aspen |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Uvion Junior, currently incarcerated at the Menard Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Jail Officer Summer Anderson and several jail supervisory officials. Plaintiff alleges that, on June 18, 2008, Officer Anderson allowed out of their cells inmates who were supposed to be confined, and that Plaintiff was subsequently attacked and stabbed 10 to 12 times by several of these inmates. On preliminary review, the court found that Plaintiff had not stated claims against the supervisory officials and dismissed them as Defendants. Officer Anderson, the only remaining Defendant, has filed a motion for summary judgment. Plaintiff has responded. For the following reasons, the court denies Defendant's motion for summary judgment without prejudice to her submitting another motion that addresses the unresolved issues discussed herein.

### I. SUMMARY JUDGMENT STANDARD

#### A. Summary Judgment under Federal Rule of Civil Procedure 56

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in the light

most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *See Celotex*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

### B. Northern District of Illinois Local Rule 56.1 Statements

Because Plaintiff is a *pro se* litigant, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1.

When addressing summary judgment motions, the court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must admit or deny each factual

statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

A court may consider to be true any uncontested fact in the movant's Rule 56.1 Statement that is not addressed by the nonmovant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Also, a court may disregard statements and responses that do not properly cite to the record. *Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Furthermore, "evasive denials that do not fairly meet the substance of the material facts asserted" do not satisfy a litigant's obligation to properly respond to a Rule 56.1 factual statement. *Bordelon*, 233 F.3d at 528.

Although courts must construe *pro se* pleadings liberally, *see Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), a plaintiff's *pro se* status does not excuse him from complying with these Local Rules. *See Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

In the instant case, Defendant filed a Rule 56.1 Statement of Facts ("SOF"), (R. 34.) Plaintiff responded with his own SOF, which responds to only certain statements in Defendant's SOF. (R. 41.) The court may consider to be true those statements in Defendant's SOF to which there is no response. *Raymond*, 442 F.3d at 608. With respect to the statements to which Plaintiff did respond, Defendant, in her reply, objects to Plaintiff not properly providing record citations. However, the court is able to discern easily enough from the exhibits attached to Plaintiff's SOF and from the portions of his deposition submitted as exhibits what evidence supports Plaintiff's SOF statements. (R. 34, Exh. B, Pl's Depo; R. 41, Pl's SOF and attached exhibits.) Accordingly, the court will consider both Plaintiff's and Defendant's SOFs.

**II.     FACTS**

The summary judgment evidence shows the following. In 2008, Plaintiff was incarcerated in the maximum security area of the Cook County Jail because he faced a charge of murder. (R. 34, Def.'s SOF ¶ 6.) Officer Anderson was assigned as a tier officer on the 3-11 p.m. shift for Plaintiff's area of the jail on June 18, 2008. (*Id.* at ¶ 5.) On that tier, half of the inmates (Plaintiff and 19-20 other inmates) were let out of their cells for three-hour periods. When their three-hour period ended, those inmates would return to their cells and the other inmates on that tier would be let out for three hours. (*Id.* at ¶¶ 9-10.)

The parties disagree slightly as to what occurred on June 18, 2008. Defendant states that Plaintiff and 19-20 inmates were let out of their cells at 6:30 p.m. (*Id.* at ¶ 14). Plaintiff states that, not only was his half of the tier let out at 6:30, but that inmates from the other half of his tier were also let out around that time. (R. 41, Pl's SOF, ¶ 1.) Defendant states that she did not let any inmates out of their cells who should not have been, (R. 34, Exh. C, Def's Aff. ¶ 27), yet her incident report charged inmate Antoine Murray with stabbing Plaintiff and further stated that Murray "was on the lockdown side during the incident.". (R. 41, Pl's SOF, Exh. G.)

During the beginning of the 6:30 - 9:30 p.m. period, Plaintiff had seen Officer Anderson at her station. Plaintiff was in the dayroom watching television at that time. (R. 34, Def's SOF ¶¶ 15-16.) After watching television for about 20 minutes, Plaintiff got up to go to the bathroom in his cell. As he walked to his cell, he noticed that the lights were out. As he entered his cell, someone rushed up behind him and grabbed him with a bear hug. Plaintiff states that he was then stabbed in the back, head, arms, and hands by an unknown number of inmates. (*Id.* at ¶¶ 20-21; *Id.* at Exh. B, Pl's Depo at 42.) Plaintiff does not know specifically who grabbed and stabbed him, but he states that the inmates were among those not authorized to be out of their cells at that time. (R. 41, Pl's SOF ¶ 2.) As noted above, Defendant charged at least one inmate with the stabbing, and that inmate was from the lockdown side of the tier. (R. 41, Exh. G.) Plaintiff was able to break free during the assault, and he ran to the front of the dayroom where officers other than Defendant were. (R. 34, Def's SOF ¶¶ 24, 26-28.) The

officers helped Plaintiff out of the day room, and he was treated at Mt. Sinai Hospital for his injuries. (*Id.* at ¶¶ 29-30.) Plaintiff contends that the attack lasted several minutes. (R. 41, Pl's SOF ¶ 4.)

According to Defendant, she was in her office when she heard a disturbance coming from Plaintiff's cell. She yelled for the inmates to stop making noise, then saw Plaintiff running to the office bleeding. Defendant immediately made a "10-10" call for assistance. (R. 34, Exh. C, Def's Affidavit ¶¶ 10-14.)

Prior to the attack Plaintiff had not requested to be placed in protective custody; nor had he reported that he had been threatened by other inmates before the attack. (R. 34, Def's SOF ¶¶ 31, 34-35.) According to Plaintiff, he got along with most everyone and had no problems with anyone on the tier. (R. 34, Exh. B, Pl's Depo. 33-34.)

## III   ANALYSIS

Defendant contends that she is entitled to summary judgment because she was not made aware of any threats or dangers to Plaintiff prior to the attack. She thus argues that there is no evidence that she acted with deliberate indifference to Plaintiff's safety. Plaintiff contends that Defendant made the attack possible by allowing unauthorized inmates out of their cells, by not making sure the lights were kept on, and by not being at her station.

Jail officers have a duty to protect detainees from violence at the hand of other inmates. Liability based upon a breach of such a duty, however, exists only if (1) the inmate faced a serious risk of harm and (2) the officer deliberately disregarded that risk. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 847). The first prong is an objective one, and the risk of harm must have been objectively serious. The second prong is subjective, such that the inmate must be able to prove that the officer both knew the inmate faced a "substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). To rise to the level of deliberate indifference, the officer "must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer*, 511 U.S. at 837.

In the instant case, Defendant emphasizes the fact that Plaintiff had not been threatened previously by another inmate and that Defendant was thus never made aware of a specific threat. Plaintiff emphasizes that Defendant was not at her post at the time of the assault and that she did not make sure that the lights were on throughout the tier. The summary judgment evidence establishes that Plaintiff had not been threatened. (R. 34, Exh. B, Pl's Depo at 33-35.) The summary judgment record also indicates that there are unsettled factual issues with whether Defendant was at her post and made sure that all of her tier's lights were working. (R. 41, Pl's SOF ¶¶ 3, 6 and declarations attached; R. 34, Exh. C, Def's Affidavit ¶¶ 11, 26.) However, neither party's contention is dispositive of the failure to protect issue in this case.

Proof that Defendant was not at her post or that she failed to ensure that all lights were working would not establish deliberate indifference. At most, such evidence might establish negligence. But neither negligence nor even gross negligence constitutes deliberate indifference. *Borello v. Allison*, 446 F.3d 742, 749 ( 7th Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 305 (1991)).

Nor does proof that Defendant was unaware of a specific threat establish the absence of deliberate indifference. "A prison official 'cannot escape liability by showing that he did not know that a plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault.'" *Dale*, 548 F.3d at 569. "On the other hand, as the vagueness of a threat increases, the likelihood of 'actual knowledge of impending harm' decreases." *Id.* (quoting *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005)).

The summary judgment evidence is unclear as to whether Defendant knowingly allowed a dangerous situation to exist. Defendant avers in her affidavit that she "did not let any detainees out of their cells who should not have been," (R. 34, Exh. C ¶ 27), but her incident report charged inmate Murray with stabbing Plaintiff and further stated that Murray was from the lcokdown portion of the tier.

(R. 41, Pl's SOF, Exh. G.) Plaintiff stated in his deposition that the inmates on the other half of his tier "were sending messages to Officer Anderson asking her to let them out," (R. 34, Exh. B, Pl's Depo. at 28), and that Defendant opened several cells while he was watching television in the dayroom. (R. 41, Exh. H, Pl's Depo. at 37.) According to Plaintiff, the inmates let out of their cells did not come to the dayroom but, instead, "stayed in the corridor" area by the cells. (*Id.* at 38.)

It is unclear from the current record why only half of the inmates on Plaintiff's tier were let out of their cells at a time; whether there is a safety reason that Defendant disregarded; whether there was a known risk with letting out certain inmates from the locked cells in Plaintiff's tier; and whether Defendant let certain inmates out in disregard to a known risk. Even though Plaintiff was not specifically threatened, if releasing certain inmates from their cells posed a known risk, Defendant's action of opening those cells may constitute deliberate indifference.

Accordingly, there are issues of material fact remaining. Defendant's motion for summary judgment is therefore denied without prejudice to her again seeking summary judgment if she is able to answer the currently unresolved questions discussed above.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment [32] is denied without prejudice. Defendant may file another motion for summary judgment if she is able to answer the unresolved issues discussed in this opinion.

ENTER: _____
　　　　　Marvin E. Aspen
DATE: May 18, 2010　　　　United States District Court Judge