IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UVION JUNIOR (M-01324), | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 09 C 813 |
| OFFICER ANDERSON, | ) ) | Judge Marvin E. Aspen |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Uvion Junior, currently an inmate at the Menard Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Jail Officer Summer Anderson and several jail supervisory officials. Plaintiff alleges that, on June 18, 2008, Officer Anderson allowed detainees at the jail out of their cells, who stabbed Plaintiff numerous times. The supervisory officials were dismissed on initial review. Anderson is the only remaining Defendant. On May 18, 2010, the Court denied Defendant's motion for summary judgment upon determining that there remained questions of material fact as to whether she knew that allowing certain inmates out of their cells posed a substantial risk of serious harm. The Court invited the parties to conduct additional discovery, and allowed Defendant to submit another summary judgment motion addressing this issue. Currently before the Court is her renewed motion for summary judgment. For the following reasons, the Court grants the second motion for summary judgment.

**I.    SUMMARY JUDGMENT STANDARD**

    **A.    Summary Judgment under Federal Rule of Civil Procedure 56**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Indiana, Inc.*,

211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the Court construes all facts in a light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *See Celotex*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

**B.     Northern District of Illinois Local Rule 56.1 Statements**

Because Plaintiff is a *pro se* litigant, the Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 83.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56 and Local Rule 56.1. (*Id.*)

When addressing summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts

as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must admit or deny each factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

A court may consider to be true any uncontested fact in the movant's Rule 56.1 Statement that is not addressed by the nonmovant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Also, a court may disregard statements and responses that do not properly cite to the record, *see Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997), as well as "evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon*, 233 F.3d at 528.

Although courts must construe *pro se* pleadings liberally, *see Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), a plaintiff's *pro se* status does not excuse him from complying with the Local Rules. *See Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

With respect to the second motion for summary judgment, Defendant filed a Rule 56.1 Statement of Facts ("SOF"), (R. 82, Def.'s SOF) Plaintiff responded that he agreed with paragraphs 1-37 of Defendant's SOF. (R. 91, Pl.'s SOF ¶ 1.)[1] He then addressed Defendant's remaining SOF statements, (*id.* at ¶¶ 2-12), and then provided his own statements of fact in support of his response to the summary judgment motion. (*Id.* at ¶¶ 13-29.) Defendant objected to Plaintiff not filing his statements of fact in a separate document, as well as not citing the record properly for several statements. (R. 95.) Defendant then addressed each of Plaintiff's statements. (*Id.*)

Although Plaintiff should have filed his statements in a separate document, *see* Rule 56.1(b)(3)(C); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 810 (7th Cir. 2005), Defendant has been

---

[1] Plaintiff's response to the summary judgment motion and his Statement of Material Facts ("SOF") were filed as one document. (R. 91.) His SOF begins on page 10 of docket entry #91.

able to respond to Plaintiff's SOF. With respect to Defendant's more specific objections to Plaintiff not properly providing record citations, the Court will address those responses in its discussion of the facts. With the above standards in mind, the Court addresses the facts of this case.

## II. FACTS

The summary judgment evidence shows the following. In 2008, Plaintiff was incarcerated in the maximum security area of the Cook County Jail because he faced a charge of murder. (R. 82, Def.'s SOF ¶ 6.) Defendant was assigned as a tier officer on the 3-11 p.m. shift for Plaintiff's area of the jail on June 18, 2008. (*Id.* at ¶ 5.) On that tier, half of the inmates (Plaintiff and 19-20 other inmates) were let out of their cells for three-hour periods. The other 19-20 inmates on that tier were allowed separate three-hour periods out of their cells. (*Id.* at ¶¶ 9-10.)

Plaintiff and his half of the tier were let out at 6:30 p.m. on June 18, 2008. (*Id.* at ¶ 14). Plaintiff was in the dayroom watching television with other inmates. (*Id.* at ¶ 15.) During this time, he saw Defendant in her office watching the dayroom. (*Id.* at ¶ 16.) After watching television for about 20 minutes, he got up and walked toward his cell to go to the bathroom. (*Id.* at ¶ 19.) As he approached his cell, he was rushed and grabbed from behind with a bear hug. (*Id.* at ¶ 20.) Plaintiff states that he was then stabbed in the back, head, arms, and hands by an unknown number of inmates. (*Id.* at ¶ 21.) Plaintiff does not know specifically who grabbed or stabbed him, and he has no idea as to why it happened. (*Id.* at ¶¶ 22, 32.) Plaintiff had not reported any problems with other detainees prior to the stabbing; he had not requested to be placed in protective custody; and he had gotten along with the inmates on his tier pretty well. (*Id.* at ¶¶ 13, 17, 31.) Plaintiff was taken to Mt. Sinai Hospital, where he stayed for two days receiving treatment for his wounds. (*Id.* at ¶ 30.)

As noted above, Plaintiff does not dispute Defendant's Statements of Facts ¶¶ 1-37. (*See* R. 91, Pl.'s SOF ¶ 1.) In response to Defendant's statement that she had no knowledge as to what precipitated the attack, Plaintiff responds simply that he cannot verify. (*Id.* at ¶ 2; *see also* R. 82, Def's SOF ¶ 38.) Plaintiff similarly responds that he cannot verify that Defendant was not aware of any specific risks

posed by or toward any inmates on June 18, 2008. (R. 91, Pl.'s SOF ¶ 8; R. 82 Def.'s SOF ¶48.)

Although Plaintiff stated that he does not know who attacked him, the record includes three disciplinary reports written against inmates Leroy Wilson, Angelo Thompson, and Antoine Murray for assaulting Plaintiff on June 18, 2008. (R. 91, Attachments to Pl. SOF, pp. 41-43.) Inmates Thompson and Wilson were in the same upper-tier group as Plaintiff; Murray was a lower-tier inmate. (*See* R. 92-3 at p.11, list of cells for Pl.'s tier.) The record is unclear as to how Murray got out of his cell, and the parties offer two explanations.

Both Defendant and Plaintiff agree that cell doors move side to side to open and close and that inmates sometimes place objects (toothpaste caps, juice caps, rags, etc.) in the door to prevent it from securing. (R. 82, Def.'s SOF ¶ 49; R. 91, Pl.'s SOF ¶ 9.) Defendant noted on her log sheet that two cells, #6 and #19, did not register on the control panel as being secure on June 18, 2008. (R. 82, Def.'s SOF ¶ 50; R. 91, Pl.'s SOF ¶ 9; *see also* R. 82-3, Exh. C pp.10-11, copy of log sheet and list of cells.) Murray occupied cell #6. (R. 82-3, Exh. C at p.11.)

Plaintiff states, and Defendant disputes, that Plaintiff overheard inmates ask Defendant to allow certain inmates on the low side out of their cells. Shortly thereafter, Plaintiff heard cell doors opening. (R. 91, Pl.'s SOF ¶¶ 20, 21; R. 95, Def.'s Resp. to Pl. SOF, ¶¶ 20, 21.) Defendant correctly notes that Plaintiff's testimony about overheard comments by others is hearsay and that hearsay cannot create a genuine issue of material fact. *Winskunas v. Birnbaum*, 23 F.3d 1264, 1268 (7th Cir. 1994); *Davis v. Cook County*, No. 04 C 8218, 2006 WL 218166, *4 (N.D.Ill. Jan. 23, 2006) (Gettleman, J.). Plaintiff's statements about overheard requests for inmates to be let out of their cells are thus stricken. The Court notes, however, that consideration of such evidence does not alter the Court's decision on the current motion for summary judgment. As explained below, even if Defendant allowed inmates out of their cells, there is no evidence indicating that such an act constituted deliberate indifference.

**III     ANALYSIS**

In its previous opinion denying summary judgment, the Court determined that there was an

issue of material fact as to whether Defendant let inmates out of their cells, knowing that such conduct would likely lead to an attack on an inmate. Now that the record is more complete and Plaintiff's contentions are clear, summary judgment for Defendant is warranted.

Jail officers have a duty to protect detainees from violence at the hand of other inmates. Liability based upon a breach of such a duty, however, exists only if (1) the inmate faced a serious risk of harm and (2) the officer deliberately disregarded that risk. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The first prong is an objective one, and the risk of harm must have been objectively serious. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). The second prong is subjective, such that the inmate must be able to prove that the officer both knew the inmate faced a "substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). To rise to the level of deliberate indifference, the officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer*, 511 U.S. at 837.

Previously, the Court determined that there was a question as to whether Defendant allowed inmates out of their cells knowing that their release posed an imminent, substantial threat of harm to other inmates. Plaintiff had asserted that inmates in the confined half of his tier were sending messages to Defendant seeking to be let out and that Defendant released the inmates out just before the attack. (R. 53, Court's 5/18/10 Opinion at p.6-7.) The Seventh Circuit has indicated that a situation akin to "guards . . . plac[ing] a hungry lion in [an area of the jail] and open[ing] a door as [another inmate] passed by" can establish deliberate indifference. *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002) (citing *Pavlick v. Mifflin*, 90 F.3d 205, 208 (7th Cir.1996); *Cantu v. Jones*, 293 F.3d 839, 843-45 (5th Cir.2002)). There was thus a question as to whether Defendant "was exposed to information" that the locked-in inmates were intending to attack someone and whether Defendant opened cell doors despite her knowledge of the likelihood of an attack. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

Now it is clear that Plaintiff cannot establish such a subjective intent by Defendant and that Plaintiff, at best, asserts only negligence.

Defendant contends that she "was not aware of any specific known risks posed by any detainee or toward any detainee on June 18, 2008." (R. 82, Def.'s SOF ¶ 48.) Defendant cites to both her affidavit and the affidavit of Daryl Howell, the Chief of Operations for Plaintiff's division. (*Id.*, citing R. 82, Exh. C, Anderson's Aff. ¶ 29 and Exh. E, Howell's Aff. ¶ 20.) The affidavits from Defendant and Howell are based upon their personal knowledge and suffice as evidence supporting the summary judgment motion. *See* Rule 56(c)(4); *Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006). Plaintiff, however, states only that he "cannot verify" Defendant's lack of knowledge of a known or obvious risk. (R. 91, Pl.'s SOF ¶ 8.) "[W]hen confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988); *see also Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 669 (7th Cir. 2005).

Of the three inmates disciplined for the attack, only one (Murray) was on the lock-down side of the tier. Plaintiff provides no evidence indicating that Defendant knew that Murray, or other inmates, were planning an attack. Instead, Plaintiff asserts only that Defendant was remiss in her duties to maintain security. According to Plaintiff, "the normal practice in June 2008 was not to let detainees who[ had] already been out a second time [out of their cells]," and that Defendant had a duty "to make sure detainees who are scheduled to be in their cells are, and that doors are locked." (R. 91, Pl.'s Response at p.4.) He contends that he can demonstrate that Defendant "failed to protect him by allowing some detainees out of their cells that shouldn't have been out; failed to make sure lights were working and on in the corridor area; and leaving her post for about 15-20 minutes." (R. 91, Pl.'s Response at p.3.)

Such assertions, even if proven true, would establish only that Defendant was negligent in her duties of keeping half the inmates confined on her tier and patrolling the tier. Negligence, however, does not violate the Constitution, and it is not enough that Defendant should have known of a risk. *Pierson*, 391 F.3d at 902. Instead, Plaintiff must prove that Defendant was aware of a specific, impending, and substantial threat to his safety, *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996), and that there was a "strong likelihood rather than a mere possibility that violence w[ould] occur." *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984).

The cases holding that liability may exist against an officer for placing one inmate in the vicinity of another inmate just before an attack found that the officer had essentially engineered or manipulated the attack. In *Case*, the plaintiff alleged that the defendants were "out to get him" and knew that the other inmate "if given a chance, would attack [plaintiff]." *Case*, 301 F.3d at 607. In *Pavlick*, 90 F.3d at 208, the plaintiff alleged that the defendant officer was seen talking to several inmates just before unlocking the door to the plaintiff's cell. In *Cantu*, 293 F.3d at 843-44, to which Plaintiff cites, the plaintiff asserted that defendant officers conspired to allow an inmate escape to attack the plaintiff.

In this case, Plaintiff's Statement of Facts cites no evidence indicating that Defendant knew that Murray, or any of Plaintiff's attackers, was going to harm someone. (*See* R. 91, Pl.'s SOF ¶¶ 13-29.) Even if Defendant "let a few inmates on the locked side of the tier out of their cells," (*Id.* at 21), there is no inference that she was aware of a known danger and disregarded it. *Pierson*, 391 F.3d at 902. Plaintiff presents no facts from which a factfinder could infer that Defendant knowingly allowed the proverbial "hungry lion" into the corridors near his cell. *Case*, 301 F.3d at 607. His response to Defendants statements of material facts, as well as his own statements of facts, at best could show negligence, but not the requisite state of mind to establish deliberate indifference.

### IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's present motion for summary judgment [#79] is granted, and this case is dismissed.

ENTER:

_____
Marvin E. Aspen
United States District Court Judge

DATE:   August 1, 2011